**SKYDIVE COLORADO, INC.,**
**a Colorado corporation,**
**Plaintiff–Appellee,**

v.

**MID–STATES AIRCRAFT ENGINES,**
**INC., an Oklahoma corporation,**
**Defendant–Appellant.**

**No. 92CA0071.**

Colorado Court of Appeals,
Div. III.

April 8, 1993.

---

J. Scott Hamilton, P.C., J. Scott Hamilton, Louisville, for plaintiff-appellee.

Herbert T. Buchwald, P.A., Herbert T. Buchwald, Denver, Law Firm of Edward A. McConwell, Edward A. McConwell, Overland Park, KS, for defendant-appellant.

Opinion by Judge NEY.

In this action to enforce an arbitration award, defendant, Mid–States Aircraft Engines, Inc., an Oklahoma corporation, appeals from the judgment of $13,688.04 entered in favor of plaintiff, Skydive Colorado, Inc., a Colorado corporation. We dismiss the appeal.

The complaint alleged that plaintiff owned a Cessna aircraft and that its engine was delivered to defendant for repair. It also alleged that, soon after defendant had repaired the engine and returned it to plaintiff, the engine failed. Further, the complaint alleged that defendant subsequently picked up the engine for inspection but failed to perform repairs, pursuant to its warranty, or to return or release the engine to plaintiff. Finally, the complaint prayed for consequential damages for defendant's alleged breach of warranty and conversion.

The complaint contained a certification that the dispute was not exempt from mandatory arbitration.

Defendant filed an answer in which it admitted repairing the engine and shipping it in June 1989 with a warranty. It also admitted that it inspected the engine in July 1989, but alleged that the engine failure was caused by plaintiff's negligence. The answer also alleged, as an affirmative defense, that the trial court lacked jurisdiction over defendant. Defendant did not file a motion for a pre-trial determination of its jurisdictional objection pursuant to C.R.C.P. 12(b) or (d).

On April 3, 1990, pursuant to the mandatory arbitration provisions of § 13–22–402, C.R.S. (1987 Repl.Vol. 6A) (repealed 1991) and C.R.C.P. 109.1 (repealed 1991), the trial court issued an order requiring an arbitration hearing before June 29, 1990. Nothing in the record reflects that defendant sought a prehearing determination of the jurisdiction issue from the arbitrator pursuant to C.R.C.P. 109.1(j).

An arbitration hearing was held on June 25, 1990. Both parties were represented by counsel, evidence was heard, and closing arguments were presented. The record does not reflect whether defendant raised a jurisdictional defense before the arbitrator.

On July 2, 1990, the arbitrator issued his award in plaintiff's favor for $15,500 on its claims for breach of warranty and conversion less a set-off of $1,811.91 for unpaid repair charges. The award was filed in the trial court July 5, 1990.

On August 21, 1990, defendant filed a request for trial setting, "without waiving its objection to jurisdiction," on the basis that it had rejected the arbitrator's findings and was seeking a new trial. Plaintiff filed a motion to strike the request as untimely.

The trial court denied defendant's request for trial on the basis that defendant had failed to file its request within 30 days after the arbitration award was filed. The order stated that the award had become a judgment as of August 6, 1990.

On September 10, 1990, defendant filed a motion to dismiss the action for lack of jurisdiction. In its brief in support of the motion, defendant argued that its only contacts with this state were telephone calls from Colorado and the shipment of the engine to Colorado. The brief further stated that defendant's Oklahoma counsel had been unaware of the 30–day time limit for filing a demand for a trial de novo.

Plaintiff filed an opposing brief asserting that defendant's motion to dismiss for lack of jurisdiction was untimely. It further asserted that defendant was not entitled to a new trial because it had failed to demand a trial de novo within 30 days after the award was filed as required by C.R.C.P. 109.1(r)(1).

The trial court denied defendant's motion and, on the basis of the finality of the arbitrator's award, entered judgment in favor of plaintiff for $13,688.04 pursuant to C.R.C.P. 109.1(q).

Defendant contends that the trial court erred in denying its demand for a trial de novo and its post-arbitration motion to dismiss. However, because we conclude that this appeal must be dismissed, we decline to address these issues.

This civil action, having been filed in the trial court on January 22, 1990, was subject to the provisions of the Mandatory Arbitration Act, § 13–22–401, et seq., C.R.S. (1987 Repl.Vol. 6A) (repealed 1991) and C.R.C.P. 109.1 (repealed 1991). See Colo.Sess.Laws 1987, ch. 104, § 2, p. 557.

Prior to its repeal in 1991, C.R.C.P. 109.-1(q) provided as follows:

If no party demands a trial de novo within 30 days after filing of the arbitrators' award, the award shall be final. The Court shall then enter judgment on the award in accordance with C.R.C.P. 58(a). *Such judgment may not be appealed* but shall otherwise be enforceable as any other judgment in a civil action. (emphasis supplied)

Here, the record reflects—and it is undisputed—that defendant did not demand a trial de novo until 47 days after the award was filed. By that time, pursuant to C.R.C.P. 109.1(q), the judgment had become not only final but non-appealable. Accordingly, we must dismiss the appeal.

Plaintiff's request for attorney fees and costs pursuant to C.A.R. 38(d) is denied.

Appeal dismissed.

STERNBERG, C.J., and CRISWELL, J., concur.